IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KENNETH CADE, JUANITA | § | |
| CADE-PRICE and CHARLES R. PRICE | § | |
| | § | CIVIL ACTION NO. 2:07cv133 (DF/CE) |
| vs. | § | |
| | § | |
| UNION PACIFIC CORPORATION and | § | |
| UNION PACIFIC RAILROAD COMPANY | § | JURY REQUESTED |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME KENNETH CADE, JUANITA CADE-PRICE, and CHARLES R. PRICE, hereinafter called Plaintiffs, complaining of UNION PACIFIC CORPORATION and UNION PACIFIC RAILWAY COMPANY, hereinafter called Defendants, and would show the Court as follows:

### A.

### Parties to the Complaint

1.      Plaintiffs Kenneth Cade, Juanita Cade-Price, and Charles R. Price are individuals who reside in Henderson County, Texas.

2.      Defendant, Union Pacific Corporation, is a foreign corporation, and its principal place of business is not in Texas. Union Pacific Corporation may be served by serving its registered agent for service, CT Corporation System, which is located at 350 N. St. Paul, Dallas, TX 75201. Plaintiffs request service by any means authorized by law.

3.      Defendant, Union Pacific Railway Company, is also a foreign corporation, and its principal place of business is not in Texas. Union Pacific Railway Company may be served by serving its registered agent for service, CT Corporation System, which is located at 350 N. St. Paul, Dallas, TX 75201. Plaintiffs request service by any means authorized by law.

## B.

### Jurisdiction and Venue

4.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a diversity of citizenship civil action between Plaintiffs, who are citizens of Texas, and Defendants, who are citizens of a different state. Furthermore, the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

5.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

## C.

### Background Facts Relating to Train Derailment

6.      Plaintiffs are the owners of approximately fifty-seven (57) acres of land near the town of Chandler in Henderson County, Texas. They also own a lease from the Upper Neches River Authority that covers approximately one-hundred (100) acres of land. The leased land lies between Plaintiffs' fifty-seven acres and the high-water level of Lake Palestine. Defendants are the owners of a right-of-way that runs along the north boundary of Plaintiffs' property.

7.      Prior to March 4, 2007, Plaintiffs were enjoying the peaceful possession of their property. On that date, however, Defendants' duly authorized employees and agents were operating a train in the course and scope of their employment with Defendants. The train consisted of one or more locomotives and numerous railcars. Defendants' employees and agents operated the train on Defendants' tracks and caused a derailment. The derailment resulted in Defendants' railcars leaving Defendants' tracks and traveling onto Plaintiffs' land causing substantial and irreparable damage. Defendants' railcars overturned spilling their contents on Plaintiffs' land. At this time, it is known

that a part of the contents of the railcars were nitrates and fuel oil. The Plaintiffs suspect that other

contaminants were spilled upon Plaintiffs' land in great quantities.

### D.

### Count 1 – Negligence

8.     Defendants owed a legal duty to Plaintiffs to prevent Defendants' railcars from

damaging Plaintiffs' real property. Defendants breached that duty. Specifically, Plaintiffs allege that

Defendants were negligent in the maintenance of their tracks. Their negligence was a proximate

cause of the derailment and of the damage to Plaintiffs' land. Plaintiffs also allege that Defendants

were negligent in the maintenance and the operations of their train. Their negligence was a proximate

cause of the derailment and of the resulting damages to Plaintiffs' property. Plaintiffs further allege

that a train such as the one being operated on the occasion in question does not derail unless the

Defendants were negligent, either in the maintenance of the track or in the operation of the train.

Defendants, therefore, are guilty under the doctrines of negligence and negligence per se. Plaintiffs

also plead the doctrine of *res ipsa loquitur*. Under these theories, Defendants are liable to Plaintiffs

for the damages to Plaintiffs' land.

### E.

### Count 2 – Respondeat Superior

9.     Defendants' employees and agents were negligent in failing to prevent Defendants'

railcars from damaging Plaintiffs' real property. Such negligence was a proximate cause of

Plaintiffs' damages. At all times relevant to this lawsuit, Defendants' employees and agents were

acting in the course and scope of their employment with Defendants. As a consequence, Defendants

are liable for their employees and agents' negligence under the principle of respondeat superior.

## F.

### Count 3–Private Nuisance

10.     Plaintiffs are the owners of the land Defendants have damages and polluted with nitrates and fuel oil.  Plaintiffs have a private interest in the property.  Defendants have interfered with or invaded Plaintiffs' interest by conduct that was negligent.  Defendants' conduct resulted in a condition that has substantially interfered with the Plaintiffs' private use and enjoyment of their land.  As a result, Defendants have created a private nuisance and have caused injury to the Plaintiffs.

## G.

### Count 4–Public Nuisance

11.     Plaintiffs also sue Defendants for public nuisance.  Plaintiffs, as private citizens, have standing to bring suit because they have suffered a special harm that is both substantial and different in kind from that suffered by the general public.  Furthermore, Defendants' conduct in this case has created a public nuisance.  Defendants' actions in allowing their train to derail onto Plaintiffs' land and the surrounding area, including Lake Palestine, has resulted in an unreasonable interference with a right common to the general public.  Specifically, the ability to use and enjoy Lake Palestine has been substantially diminished because Defendants have allowed fuel oil and other contaminates to be spilled into the lake.  The area of Lake Palestine most affected by the derailment abuts Plaintiffs' land.  Defendants' actions have created an oil slick, and oil continuously washes up onto Plaintiffs' property.

**H.**

## Count 5 –Trespass

12.    Plaintiffs own or have a lawful right to possess the real property in question. Defendants have caused something, that is, railcars and pollutants, to enter the Plaintiffs' land. Defendants have trespassed on Plaintiffs' land, and the trespass has caused injury to the Plaintiffs.

**I.**

## Count 6 –Gross Negligence

13.    Defendants committed acts of omission and commission, which collectively and severally constituted gross negligence, which gross negligence was a proximate cause of damage to Plaintiffs' land. *See* Tex. Civ. Prac. & Rem. Code § 41.003(a)(3).

**J.**

## Damages

14.    Plaintiffs allege that they have been damaged in an amount to be determined by the trier of fact but far in excess of the minimum jurisdiction requirements of $75,000.00, exclusive of costs and interests. Plaintiff sue for damages and injury to their property whether it is leased or owned. Plaintiffs' damages will include either loss in market value of their land or loss of use and enjoyment. Plaintiffs seek monetary damages for removing debris deposited on their property by Defendants and damages for repairing their land.  They also sue for any lost profits caused by Defendants' wrongful acts.  Furthermore, Plaintiff Kenneth Cade sues for sickness, annoyance, discomfort, and other substantial harm caused by inhaling pollutants while attempting to remove his elderly mother from her home located on Plaintiffs' property.  He seeks damages for past a future medical expenses; damages for past and future impairment; and damages for past and future pain and suffering.  All Plaintiffs sue for past and future mental anguish and emotional harm.  In addition, Plaintiffs seek actual damages on account of the public nuisance created by Defendants in allowing

their train to derail and pollute the Lake Palestine area.

## K.

### Exemplary Damages

15.    Plaintiffs have reason to believe that Defendants acted with malice, gross negligence, and/or conscious disregard for the welfare and property rights of Plaintiffs and the residents living in and around Lake Palestine; therefore, they seek exemplary damages to be found by the trier of fact.

## L.

### Pre and Post-Judgment Interest and Court Costs

16.    Plaintiffs sue for both pre-judgment and post-judgment interest in the maximum amount as allowed by law.  Plaintiffs also sue for court costs.

## M.

### Prayer

17.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs ask that the Court sign a final judgment against Defendants and award Plaintiffs the following:

    a.    Actual damages for the temporary or permanent injuries Plaintiffs' land, including cost of restoration or repair, loss of use and enjoyment of the land, or loss of market value of Plaintiffs' land;

    b.    Damages for injury to Plaintiffs' business interests, including lost profits;

    c.    Damages for past a future medical expenses;

    d.    Damages for past and future impairment;

    e.    Damages for past and future pain and suffering;

    f.    Damages for past and future mental anguish and emotional harm;

    g.    Exemplary damages;

h.   Pre-judgement and post-judgment interest at the maximum rate allowed by law;

i.   Court costs; and

j.   All other relief, in law and in equity, to which Plaintiffs may be entitled.


Respectfully submitted,

**CLARK, LEA & PORTER**
P.O. Box 98
Tyler, Texas  75710
903.593.2514 Telephone
903.595.1294 Facsimile

Charles H. Clark
State Bar No. 04274000

Gregory S. Porter
State Bar No. 24002785

**ATTORNEY FOR PLAINTIFFS**